UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| HENRY PURIFOY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-00373-JPH-MG |
| | ) | |
| JENSEN Correctional Officer, | ) | |
| LYDAY Correctional Officer, | ) | |
| B. LAMMER Warden, | ) | |
| T.J. WATSON Complex Warden, | ) | |
| WILLIAMS Mr., Counselor, | ) | |
| U.S. DEPARTMENT OF JUSTICE Federal | ) | |
| Bureau of Prisons, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING COMPLAINT
AND DIRECTING ISSUANCE OF PROCESS**

Plaintiff Henry Purifoy is an inmate at the Federal Correctional Institution in Terre Haute, Indiana ("FCI Terre Haute"). He brought this suit alleging that he was subjected to excessive force and denied medical attention in relation to a September 2020 incident at the prison. Because Mr. Purifoy is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). For the complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to state

a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Complaint

Mr. Purifoy names the following defendants: (1) Correctional Officer Jensen; (2) Correctional Officer Lyday; (3) Warden B. Lammer; (4) Complex Warden T. J. Watson; (5) Mr. Williams, counselor; and (6) U.S. Department of Justice, Federal Bureau of Prisons ("BOP"). He seeks compensatory and punitive damages.

According to the complaint, dkt. 1 at 3–9: on September 10, 2020, Officer Jensen opened Mr. Purifoy's cell and stepped inside it. He accused Mr. Purifoy of disrespecting a nurse earlier in the day and told him that he needed to apologize. Mr. Purifoy said he wouldn't apologize because he had not disrespected her and asked the officer to leave his cell. At that point, Officer Jensen punched Mr. Purifoy in the face. Mr. Purifoy grabbed Officer Jensen in an effort to limit the attack, and the two started wrestling on the floor for several minutes. Officer Lyday entered the cell and proceeded to "stomp on" Mr. Purifoy with Officer Jensen. Dkt. 1 at 4. After a few minutes, Officer Lyday pushed the emergency call button to summon additional help. When other officers arrived, Mr. Purifoy was in the corner of his cell in the fetal position while Officers Jensen and Lyday continued to beat him. After the beating, Officers Jensen and Lyday refused Mr. Purifoy access to medical care.

The day before the attack, Mr. Purifoy had been at a local hospital having pins removed from his hand due to a previous break. As a result of the attack, his hand and fingers were rebroken

and his chest, shoulder, ankle, and toes were bruised. Mr. Purifoy requested that pictures be taken of his injuries, but none were. Mr. Purifoy did not receive medical care for his injuries until September 30 and has permanent nerve damage in his hand.

Mr. Purifoy received a conduct report as a result of the incident. At the related hearing, he was not allowed to call witnesses or review video of the incident, and the disciplinary officer told him he accepted the officers' version of events over his.

Mr. Purifoy also tried to file grievances about the incident, but Counselor Williams would not respond to his BP-8 informal resolution requests. Other inmates also tried to submit a BP-8 form on Mr. Purifoy's behalf and received no response.

In October, officers on several occasions told Mr. Purifoy to report to the FCI Compound for a new housing assignment. Mr. Purifoy refused, telling them that he was in fear of his life because he did not want to be around the officers involved in the incident or Officer Lyday's brother (also an officer) who he believed might "snap" and harm Mr. Purifoy. The officers laughed in response. He told Warden Watson, Assistant Warden Lammer, and the unit manager about his fears of being placed in a different housing unit, but he was transferred anyway.

An officer told Mr. Purifoy that he was going to put something in his food, so Mr. Purifoy no longer eats meals served to him. As a result of the September 10 incident, he is stressed, depressed, confused, and in fear of his life. Mr. Purifoy expressed his concerns to Captain J. Deutsch, and states, "[I]t is clear this issue has become racial discrimination, harassment, retaliation and battery." *Id.* at 8.

Mr. Purifoy alleges that the assault was due to inadequate training by the warden and the BOP to prevent excessive force incidents.

### III. Discussion of Claims

Mr. Purifoy has listed five counts in his complaint, which the Court now discusses.

**Count 1: Excessive Force Claim against Officers Jensen and Lyday**

This claim **shall proceed** against Officers Jensen and Lyday in their individual capacities pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

**Count 2: State Law Battery Claim against Officers Jensen and Lyday**

The complaint does not explicitly assert a claim under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*. ("FTCA"), but that is the proper vehicle to bring a claim for tortious conduct by federal officials committed within the scope of their employment. The FTCA "applies to torts, as defined by state law—that is to say, 'circumstances where the United States, *if a private person*, would be liable to the claimant in accordance with the law of the place where the act or omission occurred' (28 U.S.C. § 1346(b)(1); emphasis added)." *Linder v. United States*, 937 F.3d 1087, 1090 (7th Cir. 2019). Thus, this claim **shall proceed** under the FTCA against the United States, the only proper defendant for an FTCA claim.[1] *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006).

**Count 3: *Respondeat Superior* Claim against the U.S. Department of Justice for Failure to Train BOP Employees in the Proper Use of Force**

There is no liability under a theory of *respondeat superior* in a *Bivens* action. *Iqbal*, 556 U.S. at 676. However, Mr. Purifoy's failure-to-train claim may proceed under the FTCA against the United States. *Kaba*, 458 F.3d at 687 (recognizing that failure to train and supervise is a state law claim that implicates the FTCA).

---

[1] Although Mr. Purifoy has not named the United States as a party, he has asserted claims against the "U.S. Department of Justice, Federal Bureau of Prison."

**Count 4: Failure-to-Protect Claim against Officer Lyday, Warden Lammer, Warden Watson, and Counselor Williams**

Mr. Purifoy alleges that the defendants were aware that he did not want to be moved to his new housing unit because he feared additional attacks by Officers Lyday and Jensen and others. However, no additional assaults have occurred. The Seventh Circuit has held that prisoners may not recover damages under the Eighth Amendment for fear based on an unrealized attack. *Babcock v. McDaniel*, 102 F.3d 267, 272 (7th Cir. 1996) ("[I]t is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment."). Accordingly, this claim **is dismissed**. Because this was the only claim against Warden Lammer, Warden Watson, and Counselor Williams, they will be dismissed as defendants.[2]

**Count 5: Denial of Medical Care Claim against Officers Lyday and Jensen**

This claim **shall proceed** against Officers Jensen and Lyday in their individual capacities pursuant to the theory recognized in *Bivens*.

### IV. Conclusion and Issuance of Process

As discussed, the action shall proceed with:

- Eighth Amendment excessive force and failure to provide medical care claims against Defendants Lyday and Jensen;

- FTCA claims against the United States for the assault and for failure to train BOP employees to prevent excessive force incidents.

All other claims are **dismissed**. If Mr. Purifoy believes the complaint asserted claims that the Court did not address, he shall have **through February 14, 2022**, to notify the Court.

---

[2] Mr. Purifoy did not name Captain J. Deutsch as a defendant in the caption of his complaint, but he did state within the body that he was "name[d] as a defendant here within." Dkt. 1 at 8. Because the only factual allegations against Captain Deutsch concerned his failure-to-protect allegations, the Court need not add him as a defendant.

The **clerk is directed** to terminate Warden B. Lammer, Warden T.J Watson, and Counselor Williams as defendants and to replace "U.S. Department of Justice, Federal Bureau of Prison" with "the United States."

**Personal service is required** in serving defendants Officer Jensen and Officer Lyday. *Robinson v. Turner*, 15 F.3d 82 (7th Cir. 1994). The Marshal for this District or his designee shall serve the summons, together with copies of the complaint, dkt. [1], and this Order, on the defendants pursuant to Fed. R. Civ. P. 4(i)(2), at the expense of the United States.

To serve the United States, the **clerk is directed** to issue a single summons to the United States attorney for this District and the U.S. Attorney General pursuant to Federal Rule of Civil Procedure 4(i)(1). The Marshal for this District is directed to **serve** the summons, the complaint, dkt. [1], and a copy of this Order by registered or certified mail at the expense of the United States.

**SO ORDERED.**

Date: 1/20/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

HENRY PURIFOY
13811-027
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

United States Marshal
Southern District of Indiana
46 East Ohio Street
179 U.S. Courthouse
Indianapolis, IN 46204